AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED BY ___JM___ D.C.

AUG 29 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 19-8366-BER |
| Antonio Reshea Fells, Jr. | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __August 28, 2019__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | Possession with Intent to Distribute a Controlled substance, namely a mixture and substance containing a detectable amount of cocaine base, commonly referred to as "crack" cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Joseph C. Verneer, IV, DEA Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/29/19

_____
Judge's signature

City and state: West Palm Beach, FL       Bruce Reinhart, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**
**OF**
**SPECIAL AGENT**
**JOSEPH C. VERNEER, IV**
**DRUG ENFORCEMENT ADMINISTRATION**
<u>**UNITED STATES DEPARTMENT OF JUSTICE**</u>

I, Joseph C. Verneer, IV, being duly sworn, depose and state as follows:

1. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) United States Department of Justice (DOJ), currently assigned to the Miami Field Division, West Palm Beach District Office, in West Palm Beach, Florida. As such, I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516(1)(e) and Title 21, United States Code.

2. I have been a SA with the DEA since February 21, 2016. Prior to my employment with DEA, I served as a Federal Air Marshal with the Federal Air Marshal Service in the New York and Miami Field Office from March 2009 to February 2016. I am currently assigned to investigations dealing with all aspects of importation, manufacturing, and distribution of illegal drugs, to include, but not limited to, heroin, fentanyl, cocaine hydrochloride, and cocaine base, commonly referred to as "crack" cocaine.

3. While employed with the DEA, I have received ongoing training to include classes in Basic Telecommunication Exploitation, Internet Telecommunication Exploitation and Wire and Oral Telecommunication Interceptions. As a SA with the DEA, I have conducted investigations of, and have been instructed in investigative techniques concerning the unlawful distribution of illegal narcotics, possession with intent to distribute controlled substances, importation of illegal narcotics, use of communication facilities to conduct illegal narcotics transactions, maintaining places for purposes of manufacturing, distributing or using controlled substances and conspiracies to commit these offenses, in violation of Title 21, United States Code Sections 841(a)(1), 843(b), 856, 846, 952,

and 963, respectively. Based upon this experience, and through the experience of other agents and detectives with numerous years of experience, I have also become well versed in the methodology utilized in illegal narcotics trafficking, the specific type of language used by illegal narcotics traffickers, and the unique patterns employed by narcotics organizations. I have also participated in physical surveillances, electronic surveillances, and wire surveillances. Additionally, I have arrested individuals for various drug violations and have spoken with a number of drug dealers, drug users, and informants concerning the methods and practices of drug traffickers. As a result of my law enforcement experiences, and the experience of other agents and detectives I have worked with in dealing with drug traffickers, I have found that they rarely speak openly about their illegal narcotics transactions. Instead, they use coded language to disguise their conversations about illegal narcotics transactions and also communicate via text messages.

**Purpose of this Affidavit**

4.      The information in this affidavit is personally known to me, or has been provided to me by other law enforcement officers, either in person or through a review of their reports. The limited purpose of this affidavit is to establish probable cause for the arrest of Antonio Resha FELLS, Jr. for having committed the criminal offense of Possession with Intent to Distribute a Controlled Substance, namely a mixture or substance containing a detectable amount of cocaine base, commonly referred to as "crack" cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Accordingly, this affidavit does not set forth every fact that is known to me, or other officers, regarding Antonio Resha FELLS, Jr.

**Arrest of Antonio Resha FELLS, Jr. and Seizure of Crack Cocaine on August 28, 2019**

5.      During the week of August 18, 2019, a Palm Beach County Sheriff's Office agent acting in an undercover capacity (UC) conducted three controlled purchases of heroin from an unidentified black male (UM). On each of the three controlled purchases, the UC was provided with

$100.00 in U.S. currency to complete the purchase.

6.      During one of the controlled purchases, namely on August 20, 2019, at approximately 12:30 p.m., law enforcement surveillance units observed the UM meet with the UC at a Mobile gas station located in Boynton Beach, within the Southern District of Florida. Agents observed the UM driving a 2014 white Infinity bearing a Florida license plate with assigned number LYFF49 (TARGET VEHICLE).

7.      Thereafter, on August 28, 2019, at approximately 3:30 p.m., the UC contacted the UM again to purchase $160.00 of heroin and oxycodone. During this contact, the UM told the UC to meet him (UM) at 400 Village Blvd., located in West Palm Beach, within the Southern District of Florida. Thereafter, at approximately 4:30 p.m., surveillance units observed the TARGET VEHICLE enter the parking lot where the UC was parked.

8.      At that time, agents took custody of the driver, who was later identified as Antonio Reshea FELLS, Jr. (FELLS). FELLS had approximately 6.5 grams of cocaine base, commonly referred to as "crack" cocaine and approximately 10.1 grams of marijuana in his possession. FELLS was the only occupant of, and was driving, the TARGET VEHICLE. Based upon my training and experience, I know that 6.5 grams of "crack" cocaine is an amount consistent with distribution and not personal use. During the course of his arrest, FELLS spontaneously stated that he knew that the TARGET VEHICLE was used previously to meet with the UC for the purpose of distributing narcotics, namely heroin. During this spontaneous statement, FELLS also stated, "I sell crack cocaine."

9.      As outlined above, the TARGET VEHICLE had been previously used by the UM to conduct the three controlled purchases of heroin. Each of the three prior controlled purchases of heroin were video recorded and clearly depict the unidentified black male (UM) noted above as the seller of the heroin, not FELLS. Based upon my training and experience, I know that drug traffickers

often use runners to complete drug transactions. Based upon the totality of the investigation to date, I believe that FELLS may be a runner/distributor of narcotics for, or with, the UM noted above.

## Conclusion

10.     Therefore, based on the facts and information set forth in this affidavit, I respectfully submit that there is probable cause to believe that on August 28, 2019, Antonio Resha FELLS, Jr. did commit the criminal offense of Possession with Intent to Distribute a Controlled Substance, namely a mixture or substance containing a detectable amount of cocaine base, commonly referred to as "crack" cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER YOUR AFFIANT SAITH NAUGHT.

JOSEPH C. VERNEER IV
SPECIAL AGENT
DRUG ENFORCEMENT ADMINISTRATION

Sworn to and subscribed before me this 29 day of August, 2019, at West Palm Beach, Florida.

BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-8366-BER

UNITED STATES OF AMERICA

vs.

Antonio Reshea Fells, Jr.,

       Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the United States Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)? _____ Yes __X__ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY: _____
JENNIFER C. NUCCI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 171700
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Jennifer.Nucci@usdoj.gov